UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| Sarah Beth Cain, | ) |
| Plaintiff, | ) NO. 2:17-cv-00055 |
| v. | ) CHIEF JUDGE CRENSHAW |
| Tennessee Technological University, Marc Burnett (individually and in his official capacity) Katherine Williams (individually and in her official capacity), Robert Owens, (individually and in his official capacity), Kae Carpenter (individually and in her official capacity), Marlene Hall (individually and in her official capacity) | ) MAGISTRATE JUDGE FRENSLEY |
| Defendants. | ) |

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S SECOND REPORT AND RECOMMENDATION**

Plaintiff files this Reply to Defendants' Response ("the Response") to Plaintiff's Objections to the Magistrate Judge's Second Report and Recommendation ("R&R", "the Report") in accordance with LR7.01(a)(4) which states that "an optional reply memorandum may be filed within seven (7) days after service of the response, and shall not exceed five (5) pages without leave of court.

I. DEFENDANTS' RESPONSE ALLEGES FACTS WHICH ARE FALSE AND WHICH ARE CONTRADICTED BY THE FACTS IN PLAINTIFF'S COMPLAINT.

Defendants' Response includes factual assertions that are categorically false. First, Defendants assert that Plaintiff has alleged new facts in her Objections that were not alleged in her Complaint. This is not true and the examples of "new allegations" asserted by Defendants only summarize, emphasize, or clarify allegations that were established by specific facts included

in Plaintiff's Second Amended Complaint and subsequent pleadings. Another example of false factual allegations in the Response reads:

> *"the only way TTU could avoid liability for making Plaintiff liable or vulnerable to further harassment would be to immediately remove Respondent from campus i.e. to suspend or expel him"* (ECF No. 53, p. 12).

but this is contradicted directly by Plaintiff's Second Amended Complaint and by her Opposition to Defendants' Motion to Dismiss. In her Opposition to Defendants' Motion to Dismiss Plaintiff acknowledges that:

> *"Plaintiff does not allege that the school should have taken any immediate disciplinary action; she argues that the emotional distress of a potential encounter with her rapist was exacerbated by the possibility that TTU had alerted him that a report had been filed against him"*. (ECF No. 27, p. 15).

Defendants' Response also asserts that:

> *"The SAC is silent on the issue of when Respondent learned of Plaintiff's complaint; it speaks only to when Defendant Hall and Defendant Owens interviewed him"*. (ECF No. 53, p. 10).

which is directly contradicted by Plaintiff's Second Amended Complaint, which states:

> *On February 25, 2016, Defendant Hall sent an email to Cain which stated: "Sara Beth, [Respondent] should have received his notification last night..."* (ECF No. 17, p. 11).

Thus, the assertion that Plaintiff's allegations regarding notification to Respondent are newly alleged in her Objections to the R&R is indisputably false.

II. **PLAINTIFF'S SECOND AMENDED COMPLAINT INCLUDES SUFFICIENT FACTS TO STATE A CLAIM FOR RELIEF UNDER TITLE IX.**
   a. **Defendants' response to plaintiff's report of sexual assault constitutes deliberate indifference.**

In Mezibov v. Allen, the court explained that:
> *"In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory."* See *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

The Davis Test defines the elements that are necessary to state a claim under Title IX for deliberate indifference and the R&R takes issue with only one of these elements. (Davis, 526

U.S. at 648.) The Magistrate Judge's report correctly concludes that Plaintiff's pleadings establish that "[T]he appropriate people at TTU had actual knowledge of Plaintiff's report..." and "that the critical inquiry is whether these appropriate TTU people were deliberately indifferent". (ECF No. 49, p. 40). In Ashcroft v. Iqbal, the court explained that:

> *"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).*

The *Iqbal* Court further established that:

> *"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.*

Plaintiff's Pleadings include specific dates, excerpts from digital communications with Defendants, copies of relevant documents, and references to precedential caselaw to support her assertion that the specific facts alleged fulfill the elements of the claims made in her Second Amended Complaint. (ECF No. 17, pp. 2-10). The factual information provided in Plaintiff's Complaint is well beyond sufficient for the Court to draw reasonable inferences that Defendants' conduct constitutes deliberate indifference, most notably with regard to the timing of their purported investigation.

### b. Defendants' empty promises of a pending investigation created a hostile educational environment.

Defendants' Response relies heavily on the correspondence between Plaintiff and TTU in the first few months after she filed her report of sexual assault but this initial response was inconsequential. Defendants *told* Plaintiff that they would investigate her report and that Respondent would be notified of the allegations against him and Plaintiff waited in fearful anticipation of Respondent's notification for months. Any reasonable person would fear that reporting a rape might provoke the accused to retaliate with further harassment and Plaintiff's fear of such harassment grew as months passed and TTU continued to take no action in response

to her report. Defendants' refusal to initiate an investigation for months after Plaintiff's report that she had been raped by Respondent fulfills the Davis Test requirement that the response was "clearly unreasonable in light of the known circumstances". *Davis v. Monroe County Bd. of Ed.*, 526 U.S. 629, 119 S. Ct. 1661, 143 L. Ed. 2d 839 (1999).

TTU's empty promises that they would begin an investigation forced Plaintiff to attend her classes every single day thinking that it would be the day that Respondent was told that she reported the crime. Naturally, Plaintiff's cognitive functions and focus were severely impaired by the hyper-vigilant state in which she was forced to work and study while she awaited action by TTU and her academic performance suffered as a result.

III. PLAINTIFF'S PLEADINGS SHOULD BE HELD TO LESS STRINGENT STANDARDS THAN FORMAL PLEADINGS DRAFTED BY LAWYERS.[1]

Plaintiff is proceeding *pro se* in all matters related to this action and the Court must grant some leniency in the analysis of her claims. In *Boag v. MacDougall*, the Court stated:

> *When reviewing pleadings written by an unrepresented party, the court must "liberally [construe] a pleading filed by a pro se litigant to allow for the development of potentially meritorious claims."* See Boag v. MacDougall, 454 U.S. 364, 365 (1982).

The R&R and Defendants' Response make arguments and recommendations based on the contention that Plaintiff's pleadings include incorrect or incomplete invocation of the legal bases for her claims. (ECF 49, p. 36) *See also* (ECF No. 53, p. 9). In a literary publication from the University of Pennsylvania Law Review, the author explains how some courts have addressed the disparity in expertise between an attorney and an unrepresented party, stating in relevant part:

---

[1] *The pleadings of a pro se litigant are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Williams v. Browman, 981 F.2d 901, 903 (6th Cir.1992).*

> *"Acknowledging that pro se litigants frequently have a flawed or incomplete understanding of the law, courts have supplemented their disregard for stylistic deficiencies with a more "activist" form of liberal construction: to the extent possible, courts should restructure a com-plaint to invoke the most appropriate legal bases suggested by the allegations."* (internal quotations omitted). *See*, e.g., *Weixel v. Bd. of Educ.*, 287 F.3d 138, 145-46 (2d Cir. 2002) (construing a pro se complaint to make the best arguments that the allegations suggest); *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (providing a pro se petition for habeas corpus an "active interpretation" to "encompass any allegation stating federal relief" (quoting *White v. Wyrick*, 530 F.2d 818, 819 (8th Cir. 1976) (per curiam)).

The R&R makes assumptions regarding the status of an investigation that are unsupported by the facts alleged and draws inferences in the light most favorable to Defendants. In addition to highlighting examples of an illiberal construction in the content of the text, Plaintiff's Objections also reference syntactical evidence of this construction. Such syntactical evidence includes the R&R's use of strategically placed italics and the R&R's reliance on use of the passive-voice, instead of the active voice, when listing actions *taken by* the university (in contrast to a phrasing which would emphasize the subject performing the actions and not the actions being performed). (ECF No. 49, pp. 37-44).

In conclusion, Plaintiff has alleged sufficient facts to meet the plausibility standard to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Defendants' response to Plaintiff's report of sexual assault was unreasonable and constitutes deliberate indifference. Furthermore, Plaintiff's status as an unrepresented party should confer some leniency during evaluation of her pleadings. For the reasons explained in this document and in Plaintiff's previous filings the Court should deny Defendants' Motion to Dismiss.

Respectfully signed this 20th day of July, 2019

Sarah Beth Cain

Plaintiff

                          7/20/19
                             (Date)

*Sarah Beth Cain* (Signature)

Sarah Beth Cain
(Printed Name)

500 Dry Valley Rd., Apt. E306

Cookeville, TN 38506

(615) 485-3459

(Address and Telephone Number)

Sarah Beth Cain
500 Dry Valley Rd., Apt. E306
Cookeville, TN 38506

NASHVILLE TN 370
20 JUL 2019 PM 5 L

Nashville Clerk's Office
801 Broadway, Room 800
Nashville, TN 37203

RECEIVED
JUL 22 2019
U.S. District Court
Middle District of TN

37203-385500

